IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

Jon Q. Wright d/b/a JQ Licensing LLC

Plaintiff,

vs.                                                    Civil File No.

Northwoods Brewing Corp., LLC, and
Jerry Bechard, ABC Corporations 1-10,          **(Jury Trial Requested)**
and John Does 1-10,

Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Jon Q. Wright d/b/a JQ Licensing, LLC, hereby brings this action to

recover damages, expenses, and attorney fees arising from the willful infringement by

defendants Northwoods Brewing Corp., LLC and Jerry Bechard, ABC Corporations 1-10,

and John Does 1-10 (collectively "Defendants"), of Plaintiff's registered copyright on a

valuable illustration and to obtain injunctive relief, declaratory judgment, and damages

against Defendants to cease and desist from their infringement and to prevent any further

unlawful copying and infringement of Plaintiff's copyright.  Inasmuch as Defendants'

infringement has damaged plaintiff's business, threatens to damage it further, and

Defendants' business practices are unfair and deceptive to the Plaintiff, Plaintiff seeks

injunctive relief, declaratory relief, and damages for the full amount of Plaintiff's loss,

plus statutory damages, attorneys' fees, and costs.  Plaintiff alleges on personal

knowledge as to all facts known to it, and on information and belief as to all other facts

after a reasonable inquiry under the circumstances, and as they are likely to have

evidentiary support after a reasonable opportunity for further investigation or discovery,

as follows:

1.     This is an action arising under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq. as amended).

2.     Defendants unlawfully reproduced and displayed Plaintiff's registered JQ Fish Art, specifically the Walleye Green Lure illustration and the Crappie illustration which was used and displayed upon Defendants products including but not limited to beer cans, bottle labels, apparel, and advertising in connection with the Floppin' Crappie Ale and the Wall'IPA Ale that was produced and distributed to consumers and retailers without obtaining any authorization or permission from Plaintiff in violation of the Copyright Act, 17 U.S.C. §501.

<u>PARTIES</u>

3.     Plaintiff Jon Q. Wright d/b/a JQ Licensing, LLC (hereinafter "JQ") is a resident of Minnesota, and at all times material to this Complaint, operated from within the State of Minnesota.

4.     JQ Licensing, LLC is a limited liability company that is an art licensing company who supplies commercial art design services, namely supplying licensed digital art, flat artwork and paintings; and designing commercial art products with reproductions of the licensed digital art, flat artwork and paintings.

5.     Jon Q. Wright, the individual d/b/a JQ Licensing, LLC, is the author of several fish designs, specifically the Walleye Green Lure and the Crappie, both illustrations that are at issue here and which Plaintiff registered with the Copyright Office of the United States under registration number VAu 1-021-822 issued an effective date of registration of July 10, 2009 (hereafter "Work").  Jon Q. Wright is the sole owner of the copyrighted Work and for all claims for infringement appurtenant thereto as he holds the exclusive, unlimited rights to use the federally

2

registered copyright for the Work.  A copy of the Copyright Registration and Work is attached hereto as Exhibit A.

6.     Defendant, Northwoods Brewing Corp., LLC ("Northwoods") is a limited liability company organized under the laws of the State of Wisconsin with its principal place of business at 3560 Oakwood Mall Dr, Eau Claire, Wisconsin, 54701. Defendant Northwoods is a microbrewery, pub and grill that produces 28 handcrafted beers that are distributed via six-packs, growlers, kegs and party pigs as well as manufacturing and selling products in store and on-line including apparel and accessories.  The subject of this lawsuit, the Floppin' Crappie Ale and the Wall-IPA Ale are both shipped to and sold throughout Minnesota as advertised on Defendant's website at http://northwoodsbrewpub.com/distributors/.

7.     Defendant Jerry Bechard resides in Wisconsin and upon information and belief is the Owner of Northwoods.  Defendant Jerry Bechard had the right and ability to direct or control the wrongful conduct alleged in this Complaint and derived financial benefit from that wrongful conduct.  Additionally, Defendant Bechard directs and/or controls the shipment of infringing goods into the State of Minnesota that are sold at, but not limited to, the Minnesota retail locations.

8.     Defendants ABC Corporations 1-10 and John Does 1-10 are individuals and entities that have controlled or contributed to the wrongful conduct alleged in this Complaint and derived financial benefit from that wrongful conduct.


JURISDICTION

9.     This Court has subject matter jurisdiction over Plaintiff's claims for unauthorized use and copyright infringement pursuant to the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq.).

<u>VENUE</u>

10.     Venue is based upon 28 U.S.C. § 1391(b)(2) as a district in which a substantial part of the events or omissions giving rise to the claim occurred, and in which a substantial part of the property that is the subject of the action is situated.  28 U.S.C. § 1400(a) is the district in which the parties may be found in an action under the copyright laws.

11.     Defendants are subject to personal jurisdiction in Minnesota pursuant to MINN. STAT. 543.19 (1) since the claims set forth below arise from the nonresident Defendants activity, either personally or through an agent, transacts business within the state or commits any act in Minnesota causing injury or property damage, or commits any act outside Minnesota causing injury or property damage in Minnesota.

**FACTS COMMON TO ALL CLAIMS**

12.     Plaintiff owns a valid copyright to the JQ Fish Art Artwork, specifically the Walleye Green Lure and Crappie illustrations in compliance with 17 U.S.C. §411 prior to the institution of this action. *See* Exhibit A.

13.     Sometime in 2011, after Plaintiff registered the Work, Defendants designed and manufactured beer cans, bottle labels, apparel, and various forms of advertising such as beer taps, banners, coasters, vehicle wraps, etc. that unlawfully reproduced and displayed Plaintiff's Work in connection with the two microbrews that were sold by various retailers in Minnesota.  Plaintiff's Work is prominently displayed within each design that was created and printed by Defendants.  Defendant Jerry Bechard directed and controlled the production and creation of the designs that includes Plaintiffs Work.  A copy of the Defendants Use is attached hereto as Exhibits B and C.

4

14.   The design used by Defendants in association with the Wall-IPA Ale can best be described as a blue circle with a light blue background with Plaintiff's Work prominently positioned in the center above the phrase "WALL-IPA ALE with a second phrase below in a ribbon stating "Northwoods Brewing Corp".  This label design appears on beer cans and bottles, apparel and all forms of advertising including but not limited to beverage coasters.  *See* Exhibit B.

15.   The design used by Defendants in association with the Floppin' Crappie Ale can best be described as an oval label with a blue background with Plaintiff's Work that is prominently positioned in the center of the design reaching for a lure above the phrase "FLOPPIN' CRAPPIE ale" and the phrase "Northwoods Brewery" displayed below that.  This label design appears on beer cans and bottles, apparel and all forms of advertising including but not limited to a vehicle wrap and business cards.  *See* Exhibit C.

16.   Beginning in 2011 and continuing to date, Defendants unlawfully reproduced and displayed the Walleye design on products.

17.   Beginning in 2014 and continuing to date, Defendants unlawfully reproduced and displayed the Crappie design on products.

18.   Plaintiff's Work is the copyrighted illustrations belonging to Jon Q. Wright d/b/a JQ Licensing, LLC that Defendants had direct access to and copied.

19.   Defendants have displayed the designs that contain the Work that Defendants unlawfully copied from Plaintiff on advertising and products that have been distributed and sold to consumers.

20.   Defendants did not obtain authorization or permission from Plaintiff to use, copy, display, and distribute the Work in connection with the designs that are being used upon the products and advertising to attract customers.

21.     In May 2015, Plaintiff sent a formal demand for more information and advised Defendants to cease and desist use of the Work, delivered by certified and regular mail, as well as email.  This communication addressed the unauthorized use and copyright infringement of the federally registered illustrations owned by Plaintiff. Such notice demanded that these Defendants cease and desist from all unauthorized use of the copyrighted Work and pay the licensing fees incurred by such use, as well as attorney fees, incurred by Plaintiff protecting his Work.

22.     In response to such demand, Defendants have admitted to such use.

23.     Despite receiving Plaintiff's formal notice to cease and desist from their infringement of Plaintiff's registered Work, the Defendants continue their infringing use of Plaintiff's copyrighted Work by continuing to produce, display and distribute material containing the design.  See Exhibit D.

24.     Defendants have refused to pay the damages sustained by Plaintiff resulting from Defendants unlawful use and willful copyright infringement, including Plaintiff's attorney fees.

## COUNT I

### (COPYRIGHT INFRINGEMENT – 17 U.S.C. §501, ET. SEQ.)

25.     Paragraphs 1 through 24 above are incorporated herein.

26.     Plaintiff is the sole owner of the Work and holds a valid copyright registration in accordance with the United State Copyright Act. *See* Exhibit A.

27.     Defendants have infringed the Work by copying protected elements of the Work from Plaintiff and displaying it on products and advertisements. *See* Exhibits B and C.

28.     Defendants began displaying the copyrighted Work that was copied from Plaintiff as early as 2011, and after Plaintiff registered the Work.

6

29.     The design that contains the walleye and is displayed in connection with the microbrew WALL-IPA ALE as well as advertisements and its website is strikingly similar and substantially similar to the Plaintiff's Work and was copied from Plaintiff's Work.

30.     The design that contains the crappie and is displayed in connection with the microbrew FLOPPIN' CRAPPIE ALE as well as advertisements, its website and social media, is strikingly similar and substantially similar to the Plaintiff's Work and was copied from Plaintiff's Work.

31.     Defendants had access to the Work via the internet as the Work was uploaded and published to the internet by Jon Q. Wright and is widely disseminated.

32.     Defendant Jerry Bechard of Northwoods, provided the means to produce the infringing work, and encouraged such production of the infringing work through his personal connection to and control over Defendant Northwoods.

33.     Defendant Jerry Bechard of Northwoods, directed that the Floppin' Crappie Ale and the Wall-IPA Ale designs be placed upon products, apparel and advertising, and manufactured and directed the shipment of the infringing work to retailers who then sold the infringing work in Minnesota.

34.     Defendant Jerry Bechard of Northwoods profited from the sales of the infringing work that were sold at numerous retailers in Minnesota as well as online.

35.     Plaintiff has not authorized the copying of Plaintiff's Work or the distribution of any unauthorized copies of Plaintiff's Work by Defendants in any format or otherwise.

36.     The Defendants creation, publication, display and use of the design upon Defendants microbrews and advertising associated with same, has infringed and, if

not terminated, continues to infringe upon Plaintiff's rights in the copyrighted Work.

37.   The Defendants knew or should have known that Plaintiff's permission was required to make and distribute copies of Plaintiff's Work, and the various modes of advertising comprises Plaintiff's Work.

38.   The Defendants intentionally, wantonly, and/or recklessly disregarded rights they knew or reasonably should have known were claimed in Plaintiff's Work, when creating or causing the creation of, and/or distributing Defendants design.

39.   Plaintiff, through counsel, has requested of Defendants to cease infringing activities described above and to account for sales, but Defendants expressly refused to cease production and display of Defendant's design.

40.   Defendants continued use of the design upon the infringing work after notice to cease and desist shows willfulness of their copyright infringement.

41.   As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement.  17 U.S.C. §501.

42.   Defendants have profited from the infringing activities described above.

43.   Defendants' infringement of Plaintiff's copyrighted Work has directly and proximately caused Plaintiff monetary damages including lost sales, in an amount thus far not determined, and subject to proof at trial.

44.   Plaintiff has lost profits as a result of Defendants infringement, in an amount thus far not determined and subject to proof at trial.

45.   Defendants have realized profits from the sale and use of the design by Defendants in an amount unknown and subject to proof at trial.

46.   Plaintiff is entitled to recover actual damages for its licensing fees and royalties for the Work under 17 U.S.C. §504(b).

47.    In the alternative, Plaintiff claims statutory damages under 17 U.S.C. §504(c)(1) for Defendants' unauthorized use and copyright infringement of Plaintiff's registered Work.

48.    Defendants' infringement has been willful within the meaning of the Copyright Act and damages should be enhanced in accordance with 17 U.S.C. §504(c)(2).

49.    Plaintiff is also entitled to recover its costs and attorney fees incurred in suit under 17 U.S.C. §505.

## JURY DEMAND

50.    Plaintiff Jon Q. Wright d/b/a JQ Licensing Inc. hereby demands a jury trial for all issues triable to a jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.  That the Court enter a judgment against Defendants setting forth that Defendants have willfully infringed Plaintiff's federally registered copyright under 17 U.S.C. §501.

2.  Defendants shall pay Plaintiff's actual damages and profits pursuant to 17 U.S.C. §504(a)(1), 17 U.S.C. §504(b), and Fed. R. Civ. P. 54, or statutory damages under 17 U.S.C. §504(c)(1), and enhanced statutory damages under 17 U.S.C. §504(c)(2) for the willful infringement of Plaintiff's copyrighted Work.

3.  Enjoining Defendants from infringing Plaintiff's copyright, pursuant to 17 U.S.C. §502(a), Fed. R. Civ. P. 65(d), and the equitable powers of this Court.

4.  Impounding all material that bears infringing copies of Plaintiff's copyrighted Work in the possession or control of Defendants pursuant to 17 U.S.C.

§503(a)(1)(A), and ordering destruction of all material that contains the design, pursuant to 17 U.S.C. §503(b).

5.  Awarding Plaintiff for the costs of this action and the reasonable attorney fees and expenses incurred in prosecuting this action pursuant to 17 U.S.C. §505.

6.  Providing for such other and further relief as this Court deems just and proper.


Respectfully submitted,

**CLEMENTE MUELLER, PA.**
***ATTORNEYS FOR PLAINTIFF***

Date:  August 13, 2015

By:      */s/ Jessie Christine Basner*
           Jessie Christine Basner(#397147)
           P.O. Box 1296
           Morristown, NJ 07962-1296
           Telephone: (973) 455-8008
           Facsimile: (973) 455-8118